## CARRANO v. RED STAR TRANSIT CO., Inc.
### No. 1711.

District Court, W. D. Pennsylvania.
Nov. 18, 1943.

Margiotti, Pugliese & Casey, of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

After verdict for the complainant in the amount of $37,284, defendant has moved for a new trial. It assigns as reasons, first, that the verdict was against the weight of the evidence, and, second, that the verdict was excessive.

▆ The case was properly submitted to a jury. As the court understands the defendant's position, this proposition is not denied, but it is contended that the plaintiff's material witnesses had been so discredited that the court now should set aside the verdict and grant a new trial.

True, some variances in their testimony from that given in a former trial appeared on the part of several witnesses called by the plaintiff, particularly in that of the plaintiff himself. It appeared, as affecting the credibility of the complainant, that his entire practice of medicine in the United States had been unlawful, in that he had never been registered as a physician in any state. This vital fact might have been amplified somewhat, as appears from an affidavit filed by defendant in support of its motion for a new trial. By the affidavit it developed that complainant had applied for registration in Pennsylvania, and had been refused upon the ground of material insufficiency in the record supporting his application. The court feels that this affidavit cannot be considered. It could have been produced at the trial, had it been sought, and even had it been offered its only effect would have been to add some color to the admitted fact that the complainant was not entitled to practice medicine at and prior to the time of trial.

▆ It must not be forgotten that the credibility of witnesses is for the jury, not the court.

▆ The second reason for a new trial alleged by the defendant was that the verdict was excessive.

The verdict was large, considering the lack of right on the part of plaintiff to practice medicine. On the other hand, the plaintiff was seriously injured. His left elbow (he is left-handed) was completely destroyed, the accident leaving him with a "flail" joint. The case disclosed a history of long and excessive pain, which persisted after a very expensive operation to remove a growth at the end of a severed main nerve of the arm. Even some doubt was thrown upon amputation of the arm as a cure for this pain. Under these circumstances the verdict, though large, is not so grossly excessive as to demand retrial.

And now the motion of the Red Star Transit Company, Incorporated, defendant, for a new trial is hereby denied.